**NOT FOR PUBLICATION** (Docket No. 35)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____   :
                                      :
CANDACE J. CAPOFERI                   :
                                      :
                                      :
             Plaintiff,               :   Civil No. 04-4716 (RBK)
                                      :
        v.                            :
                                      :
ROBERT CAPOFERI, et als.              :
                                      :
                                      :
             Defendants.              :
_____   :


**O P I N I O N**

**Kugler**, United States District Judge:

Before the Court is a motion by Defendants Robert Capoferi, Patricia Gatto, and Joseph Capoferi (collectively "Defendants") to dismiss Plaintiff Candace Capoferi's ("Plaintiff"), amended complaint. For the reasons provided below, the Court grants Defendants' motion to dismiss.

**I. BACKGROUND**

A detailed recounting of the factual background of this case is not necessary for the purpose of this motion. In short, Plaintiff and Defendant Robert Capoferi married on August 12, 1995 in Absecon, New Jersey. They resided as husband and wife in

1

Hammonton, New Jersey.[1]

Following allegations that Mr. Capoferi committed adultery in December 1998, Plaintiff moved out of the marital home and in with her mother, who lived in Hammonton, New Jersey. Plaintiff initiated divorce proceedings with the assistance of counsel. Shortly after Plaintiff filed the Complaint in the divorce proceeding, Mr. Capoferi allegedly requested that the parties attempt reconciliation.  In February 1999, Plaintiff moved back into the marital home, and Mr. Capoferi allegedly told Plaintiff that he payed their respective divorce attorneys and informed them of the parties' reconciliation. Plaintiff alleges, among other things, that Mr. Capoferi did not actually tell the attorneys to cease divorce proceedings, and that Mr. Capoferi engaged in legal proceedings related to the divorce without Plaintiff's knowledge, culminating in the entry of a final divorce decree.  Plaintiff alleges she was unaware of the divorce proceedings until 2001.

In July 1999, Plaintiff moved into a townhouse in Hammonton, New Jersey.  In 2002, Plaintiff purchased, and moved into, a condominium in Philadelphia, Pennsylvania.  She sold the townhouse in Hammonton, New Jersey in March 2005.

On September 24, 2004, Plaintiff filed a complaint in

---

[1]    In addition, the record reflects that Plaintiff has a New Jersey driver's license, issued in 2003. (Defs.' Br. Supp. Mot. to Dismiss at Ex. T.10.)

the United States District Court for the District of New Jersey. On November 12, 2004, Plaintiff filed an amended complaint, alleging fraud, conspiracy, and "accomplice liability" against all Defendants, and conversion against Defendant Robert Capoferi. Plaintiff pled subject matter jurisdiction pursuant to 28 U.S.C. § 1332, stating that Plaintiff is a citizen of Pennsylvania and that all Defendants are citizens of New Jersey.

On December 15, 2006, Defendants moved to dismiss this action, alleging 1) the doctrine of equitable estoppel precludes Plaintiff's action and 2) Plaintiff is not a resident of Pennsylvania, but is rather a resident of New Jersey, thereby destroying diversity.  Plaintiff opposes the motion.

**II.   Subject Matter Jurisdiction**

Defendants allege that Plaintiff is not a citizen of Pennsylvania, but rather a citizen of New Jersey, thereby destroying diversity. Specifically, Defendants allege that Plaintiff only resides in Pennsylvania for the purpose of achieving complete diversity in this action, upon the advice of her attorney.  Defendants allege that a close examination of the evidence demonstrates that Plaintiff remains a citizen of New Jersey, because she has a New Jersey drivers license, and because in 2005, she stated on a "Seller's Residency Form" that the home she sold in New Jersey was her "principal residence." Moreover, Defendants allege that Plaintiff's "course of conduct discloses a

3

pattern of forum shopping" and that "her motive [for moving to Pennsylvania] is highly questionable."

The Court assumes Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), a court may look beyond the pleadings when a party's challenge to subject matter jurisdiction is factual. See, e.g., Turicentro, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).

Several principles guide this Court's analysis of a party's citizenship for purposes of subject matter jurisdiction. McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d. Cir. 2006). The party asserting diversity jurisdiction bears the burden of proof. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence. McNutt, 298 U.S. at 189. Importantly, for this Court to have subject matter jurisdiction, diversity of citizenship must have existed at the time the Plaintiff filed her amended complaint on November 12, 2004. See Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("It is the citizenship of the parties at the time the action is commenced which is controlling.").

"Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is

absent, he has the intention of returning.'" McCann, 458 F.3d at 286 (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)). "In determining an individual's domicile, a court considers several factors, including 'declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business.'" McCann, 458 F.3d at 286 (quoting Krasnov, 465 F.2d at 1301). A court may also consider other factors, including the "location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." McCann, 458 F.3d at 286 (citing 13B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 3612 (3d ed.2005)). "An individual can change domicile instantly. To do so, [the individual must do two things]: '[h]e must take up residence at the new domicile, and he must intend to remain there.'" McCann, 458 F.3d at 286 (quoting Krasnov, 465 F.2d at 1300). But "[a] domicile once acquired is presumed to continue until it is shown to have been changed." Mitchell v. United States, 88 U.S. 350, 353 (1874). "This principle gives rise to a presumption favoring established domicile over a new one." See, e.g., McCann, 458 F.3d at 286-87.

In the Third Circuit, when the party claiming a new domicile is also the party asserting diversity of citizenship, that party carries both the burden of production regarding domicile and the burden of persuasion regarding federal

jurisdiction. Id. at 289. "[T]he effect of placing both burdens on one party is to require the party to initially carry the burden of production to rebut the presumption in favor of an established domicile. If and when the party does so, the presumption falls out of the case and the party is required to carry the burden of persuasion by proving that a change of domicile occurred, creating diversity of citizenship." Id.

In this case, given Plaintiff's prior citizenship in New Jersey, the Court recognizes a presumption that New Jersey is her established domicile.  Therefore, Plaintiff first has the burden of production to rebut this presumption. In response to the motion to dismiss, Plaintiff submits nothing to support her assertion that she is a citizen of Pennsylvania.  Plaintiff dedicates barely one page of her brief to discussing the jurisdictional issue, and submits only a portion of Plaintiff's deposition in which she states that she bought the Philadelphia condo in 2002, and that her mother resided in the New Jersey townhouse until Plaintiff sold it in 2005.  Plaintiff relies on her mere residence in Pennsylvania, which under Third Circuit precedent, does not equate to domicile, and likewise, citizenship.  Indeed, in her brief, Plaintiff is dismissive of the fact that Plaintiff still has a New Jersey driver's license, that she renewed in New Jersey in 2003, despite the fact that she resided in Pennsylvania since 2002.  Renewing her license in New

Jersey is hardly indicative of Plaintiff's intention to remain in, and become a citizen of, Pennsylvania. In addition, the Court notes that Plaintiff noted on documents related to the sale of her Hammonton, New Jersey townhouse that as of March 31, 2005, after she commenced this action, she still considered the Hammonton address to be her "principle residence." Again, this is inconsistent with Plaintiff's testimony that in 2002, the condo in Philadelphia became her permanent residence. In addition, Plaintiff offers absolutely nothing to rebut the presumption of Plaintiff's New Jersey citizenship in the way of car registrations, voter registration, bank accounts, tax returns, or employment.

Controlling case law requires that courts afford a plaintiff a chance to show that a new domicile is not just manufactured for the purpose of litigation, usually via evidentiary hearing or otherwise. <u>Tanzymore v. Bethlehem Steel Corp.</u>, 457 F.2d 1320, 1323 (3d Cir. 1972). However, an evidentiary hearing is not always required, "so long as the court has afforded the plaintiff notice and a fair opportunity to be heard." <u>Id.</u> at 1323-24. In this case, Plaintiff was aware of the motion to dismiss based on lack of subject matter jurisdiction, and had an opportunity to submit deposition testimony, affidavits, or other documents to demonstrate that Plaintiff is a citizen of Pennsylvania.  Plaintiff did not avail herself of that

opportunity.  Therefore, this Court finds that Plaintiff failed to rebut the presumption that she remains a citizen of New Jersey.  As a result, this Court lacks subject matter jurisdiction because complete diversity does not exist, and Defendants' motion to dismiss is granted.

### III.    CONCLUSION

For the reasons stated above, the Court grants Defendants' motion to dismiss for lack of subject matter jurisdiction.

Dated: 3/15/2007               s/Robert B. Kugler
                               ROBERT B. KUGLER
                               United States District Judge